IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Richard S.; Nancy S., Parent of Richard S.; Rob L.; Mary S., Parent of Rob L.; on behalf of themselves and other similarly situated persons, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | C/A No. 3:12-007-TMC |
| v. | ) ) ) | **OPINION & ORDER** |
| Kathleen Sebelius; Cynthia Mann; John Doe 1 through 20, CMS; Anthony Keck; and the South Carolina Department of Health and Human Services, | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on Defendants Anthony Keck and South Carolina Department of Health and Human Services' ("Defendants'") Motion to Dismiss pursuant to Rule 12(b), Fed. R. Civ. P. Plaintiff has filed a response opposing the motion. For the reasons set forth below, the Motion to Dismiss is denied.

Defendants moved to dismiss the above complaint contending it fails to comply with Rule 10(a), Fed. R. Civ. P., because it identifies Plaintiffs only by their first names and the first initials of their last names. Plaintiffs contend Defendants' motion should be denied and this action should be allowed to continue anonymously because this case involves matters of an intensely personal nature regarding Plaintiffs' disabilities. Further, Plaintiffs contend that Defendants should be aware of their identities and would not be

prejudiced by this action proceeding anonymously. Alternatively, Plaintiffs request leave to file an amended complaint.

Generally, the identity of the parties in an action should not be concealed. Courts have long held that the First Amendment protections of freedom of speech and press safeguard the public's right to attend trials, which must be "open to the public absent an overriding and clearly articulated interest to the contrary." *Doe 1 v. Marten*, 219 F.R.D 387, 390–91 (E.D. Va. 2004) (*citing Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 576 (1980)). A plaintiff seeking to proceed anonymously must show that he or she has a substantial privacy right that outweighs the "customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). This presumption of openness is firmly rooted in our nation's law. *Marten*, 219 F.R.D. at 390.

Embodying the presumption of openness, the Federal Rules do not provide for suits by persons using fictitious names or for anonymous plaintiffs. *Id. See also Coe v. United States Dist. Court*, 676 F.2d 411, 415 (10th Cir. 1982). Rule 10(a) provides:

> Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties; the title of other pleadings, after naming the first party on each side, may refer generally to other parties.

Plaintiffs have been permitted to proceed under pseudonyms only under certain circumstances. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). It is the exceptional case in which a court allows a party to proceed anonymously. *James v. Jacobson,* 6 F.3d 233, 238 (4th Cir. 1993)(allowing a party to proceed anonymously is a "rare dispensation").

While the Fourth Circuit Court of Appeals has not ruled on this issue, some courts have held that, absent permission to proceed anonymously, if a complaint fails to comply

with Rule 10(a) and does not divulge the plaintiff's identity, its filing is ineffective to commence an action and the court lacks jurisdiction over the unnamed parties. *See, e.g., Nat'l Commodity & Barter Ass'n. et al v. Gibbs*, 886 F.2d 1240 (10th Cir.1989). In this case, Plaintiffs have not filed a motion seeking permission to proceed anonymously or under a pseudonym. In their response to Defendants' Motion to Dismiss, Plaintiffs request the court deny the motion to dismiss and allow the action to proceed as is, anonymously, or alternatively, they seek leave to re-file an amended complaint. The court does not condone the filing of an action anonymously without permission. Furthermore, Plaintiffs' response that Defendants could have easily discovered, or already know, Plaintiffs' identities misses the point. It is the public, not the opposing party or the court, which has an interest in the disclosure of the parties' identities. Without identification of Plaintiffs or permission form the court to proceed anonymously or under a pseudonym, the court may lack jurisdiction and, furthermore, the burden should not fall on Defendants to request identification of Plaintiffs. *See Qualls v. Rumsfeld,* 228 F.R.D. 8, 13 (D.D.C. 2005)(holding "[p]seudonymous litigation is for the unusual or critical case, and it is the litigant seeking to proceed under pseudonym that bears the burden to demonstrate a legitimate basis for proceeding in that manner.).

  The court now turns to Plaintiffs' argument that they should be allowed to continue anonymously.[1] When determining whether such an exception is justified, a court should consider the following factors:

> whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive

---

[1] Again, the court notes that Plaintiffs have not filed a motion to be allowed to proceed anonymously. However, the court will construe their response to the Defendants' motion as such.

>and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; the ages of the persons whose privacy interests are sought to be protected; whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James v. Jacobson,* 6 F.3d 233, 238 (4th Cir. 1993). Applying the factors set forth in *James*, the court acknowledges that Plaintiffs' claims involve matters of a sensitive and personal privacy nature. However, courts have generally been reluctant to provide anonymity based on a plaintiff's fear of embarrassment over the revelation of personal matters. *See, e.g., Southern Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir.1979). Types of cases in which plaintiffs have been permitted to proceed anonymously in other courts include birth control cases, abortion cases, welfare cases involving minors born to unmarried parents, and cases involving issues of homosexuality. *See Doe v. Deschamps*, 64 F.R.D. 652, 653 (D.Mont.1974) (*citing Roe v. Wade*, 410 U.S. 113 (1973) (abortion); *Doe v. Gillman*, 347 F.Supp. 483 (N.D.Iowa 1972) (involving a child born out of wedlock); *Doe v. Commonwealth's Attorney for City of Richmond, 403 F.Supp. 1199* (E.D.Va.1975) (challenging the constitutionality of a state sodomy statute as applied to consensual homosexual activity). Further, there is no evidence of any retaliation and the Plaintiffs are not minors. While this action is one against the government, "[t]he simple fact that plaintiff sues a governmental entity does not give the court more reason to grant her request for anonymity." *Doe v. Pittsylvania County,* 2012 WL 370023 (W.D.Va. 2012). The balance of these factors weighs in favor of not allowing Plaintiffs to proceed anonymously.[2]

---

[2]Plaintiffs point to other current and past cases in this District in which similarly situated plaintiffs are proceeding, or have proceeded, anonymously and argues that no

Based on the foregoing, the court denies Plaintiffs' belated request to proceed anonymously. However, rather than dismiss this action, the court grants Plaintiffs' alternative request, leave to file an amended complaint.

## Conclusion

Based on the foregoing, Defendants' Motion to Dismiss (Dkt. # 6) is **DENIED**. However, Plaintiffs shall file an amended complaint within 10 days of this order in compliance with this order.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Greenville, South Carolina
May 25, 2012

---

party or court has questioned the plaintiffs proceeding anonymously. However, simply because the defendants in those cases did not challenge the plaintiffs' decisions to proceed anonymously does not foreclose Defendants in this case from raising the issue.

5