IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Richard Stogsdill, Nancy Stogsdill, parent of Richard Stogsdill, Robert Levin, Mary Self, parent of Robert Levin, on behalf of themselves and other similarly situated persons,<br><br>      Plaintiffs,<br><br>v.<br><br>Kathleen Sebelius, Cynthia Mann, John Does 1 through 20, CMS, Anthony Keck, and South Carolina Department of Health and Human Services,<br><br>      Defendants | C/A No. 3:12-0007-TMC<br><br>**OPINION & ORDER** |

_____

This matter is before the court on a Motion to Dismiss filed by Defendants Kathleen Sebelius, Cynthia Mann, Centers for Medicare and Medicaid Services ("CMS"), and John Does 1-20 (collectively "Federal Defendants"). (Dkt. # 18). Plaintiffs Richard Stogsdill, Nancy Stogsdill, Robert Levin, and Mary Self ("Plaintiffs") have filed a response opposing the motion and the Federal Defendants have filed a reply. (Dkt. # 28; 32). For the reasons set forth below, the court grants the motion.

**I. Background/Procedural Facts**

Medicaid, authorized by Title XIX of the Social Security Act, 42 U.S.C. § 1396 et seq., is a joint federal-state program designed to furnish medical assistance to persons "whose income and resources are insufficient to meet the costs of necessary medical services." 42 U.S.C. § 1396. Its administration is entrusted to the Secretary of Health

and Human Services ("Secretary"), who in turn exercises her authority through the Centers for Medicare and Medicaid Services ("CMS"). *Ark. HHS v. Ahlborn*, 547 U.S. 268, 275 (2006). The Medicaid program is subsidized by the federal government, but is administered by the states. *Catanzano by Catanzano v. Wing*, 103 F.3d 223, 225 (2nd Cir.1996). While participation in the program is voluntary, once a state chooses to participate, it must comply with the requirements of the Medicaid Act and its regulations. *Harris v. McRae*, 448 U.S. 297, 300 (1980)(noting that although participation is optional, once a state elects to participate, it must comply with the requirements of Title XIX).

Plaintiffs Richard Stogsdill and Robert Levin are adults who suffer from severe disabilities. Richard has severe cerebral palsy and Robert sustained a severe head and spinal injury resulting in quadriplegia and a speech impairment. (Am Compl. ¶¶ 38, 40). Richard and Robert receive home and community based waiver services from South Carolina under its Medicaid state plan. Specifically, Plaintiffs receive services pursuant to the Mental Retardation and Related Disabilities ("MR/RD") and Head and Spinal Cord Injury ("HASCI") waivers.[1] The waiver program permits the federal government, upon request of the state, to waive the requirement that certain disabled persons must live in an institution in order to receive services funded by Medicaid. 42 U.S.C. § 1396n(c); 42

---

[1]The terms "intellectual disability" and "person with intellectual disability" are being substituted in state law for "mentally retardation" and "mentally retarded," respectively. (Dkt. # 174). Thus, the reference to this waiver as MR/RD is in the process of being replaced by Intellectual Disabilities and Related Disabilities waiver or ID/RD waiver. 2011 South Carolina Laws Act No. 47 (eff. June 7, 2011). However, 42 U.S.C. § 1396n(c) and various other federal laws and regulations still use the nomenclature "mental retardation." The court will continue to use the MR/RD terminology which was in effect at the time this case was filed and was used by the parties in their pleadings and memoranda.

C.F.R. § 430.25(e).[2]

South Carolina's MR/RD waiver request was originally approved in 1991 and the waiver was most recently renewed January 1, 2010. In 2010, the MR/RD waiver program was amended to change the State's vendor for incontinence supplies. The HASCI waiver request was originally approved in 1995 and this waiver was most recently renewed in July, 2008.

In their Amended Complaint, Plaintiffs allege that the Defendants Anthony Keck and South Carolina Department of Health and Human Services ("SCDHHS") (collectively "State Defendants") have reduced or terminated Medicaid services that threaten to lead to the institutionalization of Plaintiffs Richard Stogsdill and Robert Levin without adequate notice; "impose[d] illegal criteria . . . in order for a [program] participant to receive respite services; and "retaliated against [program] participants who have filed

---

[2]Section 42 U.S.C. § 1396n(c)(1) provides, in pertinent part:

> The Secretary may by waiver provide that a State plan approved under this subchapter may include as "medical assistance" under such plan payment for part or all of the cost of home or community-based services (other than room and board) approved by the Secretary which are provided pursuant to a written plan of care to individuals with respect to whom there has been a determination that but for the provision of such services the individuals would require the level of care provided in a hospital or a nursing facility or intermediate care facility for the mentally retarded the cost of which could be reimbursed under the State plan. For purposes of this subsection, the term "room and board" shall not include an amount established under a method determined by the State to reflect the portion of costs of rent and food attributable to an unrelated personal caregiver who is residing in the same household with an individual who, but for the assistance of such caregiver, would require admission to a hospital, nursing facility, or intermediate care facility for the mentally retarded.

42 U.S.C. § 1396n(c)(1).

3

lawsuits or appeals." (Am. Compl. ¶¶ 19, 138, 159, 204).[3]  Plaintiffs allege the Federal Defendants violated the Administrative Procedures Act ("APA"), 5 U.S.C. § 701 et. seq., and the Medicaid Act, by ignoring the due process violations committed by the State Defendants and approving the changes made by the State Defendants. (Am. Compl. ¶¶ 6, 11).

Plaintiffs seek to hold the Federal Defendants liable for the State Defendants' alleged violations of federal law and to compel the Federal Defendants to undertake enforcement actions relating to South Carolina's Medicaid program.[4]  Specifically, Plaintiffs seek an order requiring the Federal Defendants to "perform [their] duties to monitor and administer" the Medicaid programs, review the State's Medicaid rates for reasonableness, and require that State Defendants restore Medicaid services that have been "improperly reduced or terminated." (Am. Compl. ¶ 236). Plaintiffs also seek attorney's fees and costs. (Am. Compl. ¶ 329).

---

[3] Plaintiffs allege Defendants have reduced or eliminated services provided to them under the waiver program and that this diminution in services will force them into institutions in violation of *Olmstead v. L.C. ex rel. Zimring*, 527 U.S. 581 (1999). (Am. Compl. ¶¶ 60, 232).  In *Olmstead*, the Supreme Court held that the "unjustified institutional isolation of persons with disabilities is a form of discrimination" prohibited by the ADA. Id. at 2187.  The Supreme Court stated:

> States are required to provide community-based treatment for persons with mental disabilities when the State's treatment professionals determine that such placement is appropriate, the affected persons do not oppose such treatment, and the placement can be reasonably accommodated, taking into account the resources available to the State and the needs of others with mental disabilities.

*Id*. at 2190.

[4] Kathleen Sebelius is the Secretary of Health and Human Services. CMS is the agency within the Department of Health and Human Services ("DHHS") responsible for administering the Medicaid program.

4

The Federal Defendants move to be dismissed pursuant to Fed. R. Civ. P.12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. They argue that the court lacks subject matter jurisdiction because the challenged actions fall outside the scope of the APA, Plaintiffs have an adequate remedy available in their action against the State Defendants, and the Plaintiffs are challenging the types of discretionary enforcement decisions that the Supreme Court found to be unreviewable in *Heckler v. Chaney*, 470 U.S. 821 (1985). Alternatively, the Federal Defendants argue that the Amended Complaint fails to state a claim upon which relief can be granted.

## II. Standard of Review

### A. Motion to Dismiss for Lack of Subject Matter Jurisdiction Pursuant to Rule 12(b)(1)

If subject matter jurisdiction is challenged pursuant to Rule 12(b)(1), the Plaintiff bears the burden of showing that federal jurisdiction is proper. *William v. Meridian Mgm't Corp.*, 50 F.3d 299, 304 (4th Cir.1995) (citation omitted). "There are two critically different ways in which to present a motion to dismiss for lack of subject matter jurisdiction." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). "First, it may be contended that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." *Id*. When the defendant contends that the complaint fails to allege facts sufficient to establish subject matter jurisdiction, "all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Id*. "Second, it may be contended that the jurisdictional allegations of the complaint [are] not true." *Adams*, 697 F.2d at 1219. In these cases, "the court is free to consider

5

exhibits outside the pleadings to resolve factual disputes concerning jurisdiction." *Zander v. United States*, 843 F.Supp.2d 598, 603 (D.Md.2012) (internal quotation marks omitted) (*citing Smith v. Wash. Metro. Area Transit Auth.*, 290 F.3d 201, 205 (2002)).

Because standing is an element of subject matter jurisdiction, a defendant's motion to dismiss for lack of standing is reviewed under Rule 12(b)(1). *See White Tail Park, Inc. v. Stroube*, 413 F.3d 451, 459 (4th Cir. 2005). To meet the standing requirement, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 750 (1984); *see also Friends of the Earth, Inc. v. Gaston Copper Recycling Corp.*, 204 F.3d 149, 154 (4th Cir. 2000).

**B. Motion to Dismiss for Failure to State a Claim Pursuant to Rule 12(b) (6)**

In analyzing a motion under Rule 12(b)(6), the Court also considers Fed.R.Civ.P. 8(a)(2), which requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To satisfy the minimal requirements of Rule 8(a)(2), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Ashcroft v. Iqbal*, __ U.S.__, ___, 129 S.Ct. 1937, 1953, 173 L.Ed.2d 868 (2009). These cases make clear that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n. 3 (quoting Fed.R.Civ.P. 8(a)(2)). This showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

When considering a 12(b)(6) motion to dismiss, the court must accept as true the facts alleged in the complaint and view them in a light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999). "To survive a motion to

6

dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. 662 (*quoting Twombly,* 550 U.S. at 570)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a pleading that merely offers "labels and conclusions," or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Likewise, "a complaint [will not] suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancements.'" *Iqbal*, 129 S.Ct. at 1949 (*quoting Twombly*, 550 U.S. at 557).

### III. Discussion

The Federal Defendants argue that the court lacks subject matter jurisdiction over Plaintiffs' claims against them because there has not been a waiver of sovereign immunity and Plaintiffs lack standing. Further, the Federal Defendants contend that Plaintiffs have failed to state a claim against them.

**A. Lack of Subject Matter Jurisdiction**

**I. Sovereign Immunity**

Under the well-established legal doctrine of sovereign immunity, the United States, its departments, and agencies cannot be sued without its express consent. *See United States v. Mitchell*, 463 U.S. 206, 212 (1983). Furthermore, the court treats all claims against the Federal Defendants in their official capacities as if they were brought against the federal government itself. *See Kentucky v. Graham,* 473 U.S. 159, 166 (1985) (an official-capacity lawsuit is in effect against the sovereign). "The party who sues the United States bears the burden of pointing to . . . an unequivocal waiver of

7

[sovereign] immunity." *Williams*, 50 F3d at 304 (internal citation omitted)). Furthermore, "a waiver of the traditional sovereign immunity 'cannot be implied but must be unequivocally expressed.'" *United States v. Testan*, 424 U.S. 392, 399 (1976)(*quoting United States v. King*, 395 U.S. 1, 4 (1969)).

Here, the individual Federal Defendants have been sued in their official capacities. (Am. Comp. ¶¶ 31-34). Thus, Plaintiffs bear the burden of establishing that the United States has unequivocally waived sovereign immunity regarding the claims against the Federal Defendants in this matter in order for the court to exercise subject matter jurisdiction. *See United States v. Dalm*, 494 U.S. 596, 608 (1990) (the United States may not be sued without its consent).

The Federal Defendants argue that none of the jurisdictional bases on which Plaintiffs rely in their Amended Complaint can avoid the jurisdictional bar of sovereign immunity. In their Amended Complaint, Plaintiffs allege that the court may exercise jurisdiction pursuant to 28 U.S.C. §§ 1331 and 2201, governing federal question jurisdiction and declaratory judgment respectively, and 42 U.S.C. §1983. (Am. Compl. §§ 27-30).[5] However, while §§ 1331 and 2201 "establish a subject matter that is within the competence of federal courts to entertain," *see Coggeshall Dev. Corp. v. Diamond*,

---

[5] Plaintiffs also allege there is diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Am. Compl. ¶ 28). However, § 1332(a), which permits suits for more than $75,000 between citizens of different states, "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61 (1996). Here, based on the pleadings, diversity jurisdiction does not exist as complete diversity jurisdiction is lacking. More importantly, § 1332 also is not a waiver of sovereign immunity. *See Research Triangle Inst. v. Bd. of Governors of the Fed. Reserve*, 962 F. Supp 61, 64 (M.D.N.C. 1997) ("The federal question jurisdictional statute is not a general waiver of sovereign immunity; it merely establishes a subject matter that is within the competence of federal courts to entertain.") (*citing Whittle v. United States*, 7 F.3d 1259, 1262 (6th Cir. 1993)).

8

884 F.2d 1, 4 (1st Cir.1989), neither of these two provisions waive the federal government's sovereign immunity. *See Admin. Subpoena Walgreen Co. v. U.S. Drug Enforcement Admin.*, __ F.Supp.2d __, 2012 WL 6697080 (holding that "[s]ection .S.C. § 1331 is not a general waiver of sovereign immunity")(internal citation and quotation marks omitted); *Balistrieri v. United States*, 303 F.2d 617, 619 (7th Cir.1962) (Declaratory Judgment Act "created a remedy as to controversies of which the federal courts have jurisdiction," but it is not the United States' consent to suit).  Additionally, as the Federal Defendants note (Defs.' Mem. Supp. Mot. to Dismiss at 10 n.8), federal officials cannot be sued under § 1983 as they do act under the color of state law.  *See Tobin v. Bodman*, 2007 WL 1068253 * 7 n.4 (D.S.C. 2007) (unpublished)(holding claims under § 1983 are based on "state" action) (citations omitted).

The Federal Defendants argue that the remaining provisions relied upon by Plaintiff also do not provide a waiver of sovereign immunity.[6]  Specifically, the Federal

---

[6]In the Amended Complaint, Plaintiffs specifically state that "[t]his suit challenges the Federal Defendants' violations of the Medicaid Act, the [APA] and the Supremacy Clause of the United States Constitution.  (Am. Compl. ¶ 2).  In regard to their Supremacy Clause claim, Plaintiffs specifically allege, in a claim brought pursuant to 42 U.S.C. §§ 1983 and 1988, that  "Defendants have violated the Supremacy Clause . . . by implementing state agency policies which conflict with the clear directives of the Medicaid Act and the United States Constitution."  (Am. Compl. ¶ 312).  First, as the Federal Defendants note (Defs.' Mem. Supp. Mot. to Dismiss at 10 n.8), the Supremacy Clause is inapplicable to them as it is a limit on a state's power to implement state legislation preempted by federal law. As such, the Supremacy Clause requires a state-federal law conflict and cannot be based on the actions of state officials which allegedly fail to comply with federal law. *See Springfield Hosp. v. Hoffman*, 2010 WL 3322716 at *14 (Vt. 2010). Second, as noted above, federal officials cannot be sued under §§ 1983 and 1988 as they do act under the color of state law.  *See Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987) (holding "[t]here is no valid basis for a claim under section 1983, in that [Plaintiff's] allegations are against federal officials acting under color of federal law. Section 1983 provides a remedy only for deprivation of constitutional rights by a person acting under color of law of any state . . ." ). Furthermore, § 1988 provides district courts discretion to award attorney's fees only in the context of properly pled civil rights actions, including those alleged under §§ 1983 and 1985.  *See N.C. Dep't of Trasp. v. Crest St.*

9

Defendants contend that there has been no waiver of sovereign immunity under the Medicaid Act, and, furthermore, review is not permitted under the limited waiver of sovereign immunity pursuant to the APA. In response, Plaintiffs do not specifically address the Federal Defendants' argument regarding sovereign immunity, but rather state that they have jurisdiction because they have pled a colorable constitutional claim under 28 U.S.C. § 1331. (Pls.' Mem. Opp. Mot. to Dismiss at 2, 5). However, as noted above, § 1331 is not a general waiver of sovereign immunity. Furthermore, while Plaintiffs have cited a number of federal statutes which deal generally with federal jurisdiction, they have not cited a statute which provides for a waiver of sovereign immunity. To the extent Plaintiff's claim can be construed as a request for APA review against the Federal Defendants, such a claim is barred for the following reasons.

"[T]he APA is not an independent grant of subject matter jurisdiction to the federal courts . . . [r]ather 28 U.S.C.A. § 1331 serves as the jurisdictional basis for federal courts 'to review agency action.'" *Sigmon Coal Co., Inc. v. Apfel*, 226 F.3d 291, 301 (4th Cir. 2000) (*quoting Califano v. Sanders*, 430 U.S. 99, 105 (1977)). Section 702 of the APA contains a limited waiver of sovereign immunity as to claims for declaratory or injunctive relief against government agencies and officers.[7] Section 702 provides, in

---

*Cmty. Council*, 479 U.S. 6, 12 (1986). Because Plaintiffs have failed to state a claim under § 1983 against the Federal Defendants, Plaintiffs' claim under § 1988 for attorney's against the Federal Defendants also fails. Fed.R.Civ.P. 12(b)(6).

Moreover, in reviewing the allegations in the Amended Complaint, as noted by the Federal Defendants, and not contradicted by Plaintiffs, "[i]t appears that just two of the seven counts in Plaintiffs' Amended Complaint relate to [the] Federal Defendants - - Counts Two (APA) and Six ("Medicaid Act"). (Defs.' Mot. to Dismiss at 12). Therefore, the court will address only these two claims in resolving this motion to dismiss.

[7]Without any elaboration or argument as to the application of the APA, in their response to the Federal Defendants' motion, Plaintiffs state merely that they "ask only for

10

pertinent part, that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702.

Specifically, the APA waives the government's sovereign immunity from suit and permits federal court review of final agency actions, when the relief sought is other than money damages, and the plaintiff has stated a claim 'that an agency or an officer or employee thereof acted or failed to act in an official capacity.'" *Comsat Corporation v. Nat'l Science Found.*, 190 F.3d 269, 274 (4th Cir. 1999) (*quoting* 5 U.S.C.A. § 702)). However, the APA provides for two exceptions to that waiver. First, it does not apply where a statute precludes judicial review and second, where "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a). Furthermore, the APA limits judicial review to "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704.

Plaintiffs contend that the Federal Defendants and CMS are responsible for the administration of the state Medicaid program and that their oversight has been woefully inadequate and, furthermore, that "their affirmative acts in approving the reductions and limitations in services which are the subject of this lawsuit constitutes an act in the 'casual chain' that resulted in "injury in fact' to the Plaintiffs. (Pls.' Mem. Opp. Mot. to Dismiss at 2-3). Plaintiffs continue that "[w]ithout CMS approval, the State Defendants

---

prospective injunctive relief, not money damages in this case." (Pls.' Mem. Opp. Mot. to Dismiss at 5). This alone, however, is not enough to establish a waiver of sovereign immunity. As discussed herein, the APA waives sovereign immunity for suits to "set aside agency action . . . found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(a), when the suit calls for "relief other than money damages," 5 U.S.C. § 702, but only if "there is no other adequate remedy," 5 U.S.C. § 704.

11

could not have amended the MR/RD and HASCI Medicaid waiver document which resulted in Plaintiffs' services being reduced and or limited." (*Id*. at 3.)  The Federal Defendants, while acknowledging they are to oversee the activities of the State Defendants who are administering the State's Medicaid program, argue that they have not taken any position as to what services the State must provide and approval of the waiver amendments is a matter committed to the Secretary's discretion. (Defs.' Reply Mem. at 4).  The court agrees.

Pursuant to 42 U.S.C. § 1396c, the Federal Defendants can withhold Medicaid funding to a state if a state plan or a state's actions under its plan are not in substantial compliance with the Medicaid Act.  However, "[i]t is well-established that "an agency's decision not to take enforcement action should be presumed immune from judicial review under § 701(a)(2)." *See Heckler v. Chaney*, 470 U.S. 821, 832 (1985).  *See also Housecalls Home Health Care, Inc. v. U.S. Dept. of Health & Human Servs.*, 515 F.Supp.2d 616, 624 (M.D.N.C. 2007)(holding §1396(c) "has been construed to give the USDHHS Secretary unreviewable discretion as to whether or not make a compliance determination. Nothing in the statute indicates that a private party can force a compliance decision or seek court review of such a decision.").  While Plaintiffs attempt to couch their claims against the Federal Defendants as non-discretionary, affirmative acts which injured them, the actions of the Federal Defendants complained of are discretionary acts, i.e the approval of waiver amendments. The actions taken by the Federal Defendants were taken pursuant to their statutory discretion.  As such, § 702 of the APA does not operate as a waiver of the Federal Defendants' sovereign immunity.

Additionally, Plaintiffs cannot demonstrate that judicial review is appropriate under the type of review set forth in § 704 because Plaintiffs have not identified an

agency action that is "made reviewable by statute" or demonstrated that they seek judicial review of a "final agency action for which there is no other adequate remedy in a court."

Section 704 provides that an APA claim must challenge a "final agency action," a term that includes an agency's failure to act. 5 U.S.C. § 551(13) (2005). "[T]he statute requires two essential elements as a prerequisite to judicial review: (1) final agency action and (2) no other adequate remedy in a court." *Klein v. Comm'r of Patents*, 474 F.2d 821, 824 (4th Cir. 1973). Under the final agency action limitation, courts may not supervise an agency's "continuing (and thus constantly changing) operations," but instead may only intervene to correct agency actions or inactions that have "an actual or immediately threatened effect." *Lujan v. Nat'l Wildlife Federation*, 497 U.S. 871, 890-94 (1990).

Here, Plaintiffs cannot make this showing because they fail to identify a specific final agency action that has caused their alleged injuries and instead make only broad, general allegations about the CMS and the Federal Defendants and their duties in administering the Medicaid Act. Further, Plaintiffs have not articulated any reason as to why they cannot vindicate through other means, such as continuing to pursuing their claims against the State Defendants. *See Long Term Care Partners*, 516 F.3d at 233. Accordingly, the court finds that the limited waiver of sovereign immunity under the APA is inapplicable here, and the court lacks jurisdiction over Plaintiff's claims against the Federal Defendants.

Even assuming arguendo that APA review was proper, the scope of review under the APA is narrow. *Ohio Valley Envtl. Coalition v. Aracoma Coal Co.*, 556 F.3d 177, 192 (4th Cir. 2009)(citations omitted). Judicial review of agency actions is highly deferential

13

and begins with a presumption of validity. *See Natural Res. Def. Council v. EPA*, 16 F.3d 1395, 1400 (4th Cir. 1993) (citation omitted). To overturn an administrative act, a court must find the action to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). In other words, the court must find that the agency committed a clear error of judgment. *Wilson v. Office of Civilian Health & Med. Programs of the Uniformed Servs.*, 65 F.3d 361, 364 (4th Cir.1995) (citations omitted). In response, Plaintiffs state that "[w]ithout CMS approval, the State Defendants could not have amended the MR/RD and HASCI Medicaid waiver document which resulted in Plaintiffs' services being reduced and/or limited." (Pls.' Mem. Opp. Mot. to Dismiss at 3).

Here, Plaintiffs' vague and meandering allegations in regard to the Federal Defendants do not establish a clear error of judgment. The kind of agency action that Plaintiffs challenge here, the failure to investigate or take enforcement action against certain alleged activities committed by the State Defendants, is a decision generally committed to an agency's absolute discretion. *See Heckler v. Chaney*, 470 U.S. at 831 (citations omitted).

Therefore, even assuming arguendo that the court could review Plaintiffs' claims against the Federal Defendants under the APA, the record does not reflect that the Federal Defendants' alleged failures were arbitrary, capricious, or otherwise not in accordance with the law.

### ii. Standing

The Federal Defendants also contend that Plaintiffs lack standing to bring a claim under the APA because they have not established that Federal Defendants caused their injuries or that the relief they request would redress these injuries. Because the Court

14

recommends that Defendants' motion to dismiss be granted due to Plaintiff's failure to establish waiver of sovereign immunity under the APA, the court declines to address whether Plaintiffs have standing. *Long Term Care Partners, LLC v. United States*, 516 F.3d 225, 231 (4th Cir. 2008) (internal citation omitted). *See also, e.g., Wollman v. Sec. of Army*, 603 F.Supp.2d 879, 883 n. 4 (E.D.Va.2009).

### B. Failure to State a Claim

The Federal Defendants also move, in the alternative, to dismiss pursuant to Fed.R.Civ.P. 8, based upon Plaintiffs' failure to state a claim. As the court has determined that Plaintiffs' claims against the Federal Defendants should be dismissed due to lack of jurisdiction, the court denies the Federal Defendants' alternative motion to dismiss for failure to state a claim.

### Conclusion

For the foregoing reasons, the Federal Defendants' Motion to Dismiss (Dkt # 18) is **GRANTED**. Accordingly, Federal Defendants Kathleen, Cynthia Mann, CMS, and John Does 1-20 are dismissed.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
February 11, 2013