IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Richard Stogsdill, Nancy Stogsdill, Mother of Richard Stogsdill, Robert Levin, and Mary Self, Mother of Robert Levin,<br><br>Plaintiffs,<br><br>vs.<br><br>Anthony Keck and the South Carolina Department of Health and Human Services,<br><br>Defendants. | C/A No. 3:12-cv-0007-JFA<br><br><br><br><br><br>**ORDER** |

This matter is before the Court on Plaintiffs' motion to reconsider. (ECF No. 138). Plaintiffs have moved for relief in their motion under Rule 59(e); however, as motions to reconsider are not expressly contemplated by the Federal Rules of Civil Procedure, the Court will treat this motion as a Rule 54(b) motion to revise its Order.[1]

The Fourth Circuit has offered little guidance on the standard for evaluating such a motion, but has held motions under Rule 59(b) are "not subject to the restrictive standards" of motion under Rule 60. *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991) (the Court found it "unnecessary to thoroughly express our views on the interplay of Rules 60, 59,

---

[1] The Fourth Circuit has held a motion to reconsider an interlocutory order is properly considered under Rule 54(b), though "it is not necessary to label under a particular rule number a motion for reconsideration of an interlocutory order." *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1470-72 (4th Cir. 1991). Rule 59(e) is an inappropriate vehicle because the order in question is not a final judgment. *Id.* at 1469.

1

and 54."). Having been admonished not to use the standards for a Rule 60 motion, the Court turns to cases involving Rule 59 for guidance.

Motions under Rule 59 are not to be made lightly: "[R]econsideration of a previous order is an extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources." 12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE ¶ 59.30[4] (3d ed.). The Fourth Circuit has held such a motion should be granted only for three reasons: (1) to follow an intervening change in *controlling* law; (2) on account of new evidence; or (3) "to correct a *clear error of law* or prevent manifest injustice." *Hutchinson v Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (emphasis added). Rule 59 motions "may not be used to make arguments that could have been made before the judgment was entered." *Hill v Braxton*, 227 F.3d 701, 708 (4th Cir. 2002). Further, Rule 59 motions are not opportunities to rehash issues already ruled upon because a litigant is displeased with the result. *See Tran v. Tran*, 166 F.Supp.2d 793, 798 (S.D.N.Y. 2001).

Having reviewed the pleadings related to this motion, the Court finds oral argument would not aid in its decision-making process. In the view of this Court, the motions presents neither new controlling law, nor new evidence, nor points out a clear legal error of this Court – the motion is basically an attempt to reargue issues already fully briefed and decided by this Court.

For the foregoing reasons, the motion to revise the judgment is **DENIED**.

IT IS SO ORDERED.

December 15, 2014                             Joseph F. Anderson, Jr.
Columbia, South Carolina                      United States District Judge