IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Robert Levin, and Mary Self, Mother of Robert Levin,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>South Carolina Department of Health and Human Services,<br><br>　　　　　　Defendant. | C/A No. 3:12-cv-0007-JFA<br><br><br><br>**ORDER** |

### I.　INTRODUCTION

This case arises out of the reduction in benefits provided to a Medicaid-eligible individual and seeks to challenge the policies and procedures in the operation of the Head and Spinal Cord Injury ("HASCI") Medicaid waiver program. In the Second Amended Complaint, Robert Levin ("Levin"), and Mary Self ("Self"), Mother of Robert Levin (collectively "Plaintiffs") allege numerous causes of action; however, as a result of dispositive motions and a bench trial,[1] Plaintiffs' only remaining cause of action is for violation of 42 U.S.C. § 1983 against the South Carolina Department of Health and Human Services ("SDHHS").[2] (ECF No. 72). The Order issued at the

---

[1] Prior to trial, the Court issued an Order bifurcating the case into two phases. As set forth in detail in the Court's Pretrial Order, in Phase I would include evidence on the threshold issue of whether Levin is at significant risk of institutionalization. Only after a determination that Plaintiffs had met their burden on this issue would the Court proceed to Phase II, which would encompass the issue of SCDHHS' defense of fundamental alteration. However, if Plaintiffs failed to meet their burden on the threshold issue, the case would end at that point. (ECF No. 171).

[2] The Court granted summary judgment in favor of SCDHHS on Plaintiffs' causes of action for alleged violations of (1) statutory and constitutional due process, (2) the S.C. Administrative Procedures Act, and (3) the Medicaid Act (ECF No. 131). The Court granted SCDHHS' Motion for Judgment as a Matter of Law on Plaintiffs' causes of action for alleged violations of the American's with Disabilities Act and § 504 of the Rehabilitation Act. (ECF No. 184).

1

conclusion of the bench trial specifically requested briefing by the parties on the § 1983 claim. (ECF No. 184). In light of those briefs and the Court's previous rulings in this case, the Court makes the following ruling as to Plaintiffs' § 1983 claims.

## II.     42 U.S.C. § 1983 CLAIMS

Plaintiffs have listed seven specific provisions of the Medicaid Act which they allege have been violated by SCDHHS in its administration of services to Levin under the HASCI waiver program.

### A.     42 U.S.C. § 1396a(a)(3) – Fair Hearing

The Fair Hearing provision of the Medicaid Act requires all States provide an opportunity for a fair hearing before the State Agency to any individual whose request for services is denied or is not acted upon with reasonable promptness. Plaintiffs assert SCDHHS has violated this hearing requirement "by failing to establish a hearing system meeting the requirements of *Goldberg v. Kelly* and the due process requirements of the United States Constitution. The hearing system operated by the State is arbitrary and capricious and it is designed to exhaust all resources of appellants through endless delays and remands and retaliation against persons who challenge DDSN and DHHS. This system fails to provide a final administrative determination within 90 days . . ." (ECF No. 187).

As already noted by the Court in the Order on the parties cross motions for summary judgment, Levin never alleged in the Complaint that he was denied a fair hearing, and there is no evidence in the record to substantiate a claim that he ever requested review or reconsideration from SCDHHS after the HASCI waiver caps were implemented. (ECF No. 131). The substance of Levin's claim for violations of statutory and constitutional due process merely allege that any appeal, had it been taken, would have been futile. As already explained by the Court in its previous Order, these speculative allegations do not give rise to a due process violation. Accordingly, the Court also

finds that there has been no violation by SCDHHS of the Fair Hearing provision of the Medicaid Act as to Levin.

### B.  42 U.S.C. § 1396a(a)(8) – Reasonable Promptness

The Reasonable Promptness provision of the Medicaid Act provides, "all individuals who wish to make an application of medical assistance under the plan shall have an opportunity to do so, and that such assistance shall be furnished with reasonable promptness to all eligible individuals." 42 U.S.C. § 1396a(a)(8).  Plaintiffs have alleged that SCDHHS has failed to actually provide the services requested with reasonable promptness because the services were not given within ninety (90) days of the request.

Similarly to the Fair Hearing requirement, the Court has already determined that Levin has not articulated a Reasonable Promptness claim.  Specifically, this Court stated, "[t]he complaint also alleges SCDHHS did not act with reasonable promptness in rendering a final state agency determination by failing to adhere to the requirement that such decisions be made within ninety (90) days.  However, this allegation is only applicable to Stogsdill because Levin never requested state agency review." (ECF No. 131, fn 13).  As such, Levin has not alleged a Reasonable Promptness violation.

Moreover, to the extent Levin intends to raise the 2014 request for nursing services as grounds for his Reasonable Promptness claim, the Court has already determined that this claim is not ripe, as more fully articulated in the Court's Order ruling on the bench trial.  (ECF No. 184).  Therefore, the Court finds there has been no violation by SCDHHS of the Reasonable Promptness provision of the Medicaid Act as to Levin.

### C.  42 U.S.C. § 1396a(a)(10) – Amount, Duration, and Scope

The sufficiency provision of the Medicaid Act requires that the State provide medical assistance to an individual in the same amount, duration, and scope as the medical assistance

provided to other participants. The Medicaid Act also requires comparability of services for all recipients. However, a limitation on these requirements exists, which provides, "if CMS has approved a waiver of Medicaid requirements under § 431.55, services may be limited as provided by the waiver." 42 C.F.R. § 440.250. As such, the caps set out in the HSACI waiver provide the applicable limitations for services available to Levin.

Based on the evidence presented at the Bench Trial, this Court is not persuaded that Levin has been denied services in the same amount, duration, and scope as those provided to others. Plaintiffs' attempt to point to "other waiver participants who have previously filed federal lawsuits and have been determined by this Court not to be subject to caps on services" as evidence of inequality among participants, is unavailing. (ECF No. 187). Judicial determinations that services should be provided in excess of the waiver cap are not tantamount to agency action authorizing such services. As such, these determinations cannot form the basis of Levin's claim, and the Court finds this violation to be without merit.

### D.  42 U.S.C. § 1396a(a)(17) – Reasonable Standards

Plaintiffs have also alleged SCDHHS has violated the Medicaid Act by failing to establish reasonable rules and standards for determining eligibility for and the extent of medical assistance needed, by allowing agency employees to make rules in an arbitrary and capricious manner, and by allowing persons who are not physicians to override physician's orders. Plaintiffs assert that SCDHHS has also failed to defer to the treating physicians of participants in determining the medical necessity of services. In opposition, SCDHHS argues that the testimony presented at the bench trial demonstrates that Levin has received all necessary services.

The Court finds that additional testimony and evidence is needed in order to fully assess the viability of Plaintiffs' claim. Therefore, the Court will defer a ruling on this issue until after the second bench trial. However, in accordance with the Court's earlier ruling, Plaintiffs will not be

permitted to present evidence on the 2014 request for nursing services because this issue is not ripe for adjudication by this Court. (ECF No. 184).

### E.  42 U.S.C. § 1396a(a)(30) – Payment of Rates

Plaintiffs contend SCDHHS has failed to comply with the Medicaid Act by failing to pay rates that are sufficient to provide access to services Levin needs to remain in the community. Specifically, Plaintiffs maintain that the rates paid to respite caregivers are significantly low, which creates a hardship in individuals who want to remain in their homes.  SCDHHS argues there is no evidence to suggest that Levin is unable to receive access to the services he needs to remain in the community.

The Court is in need of additional testimony and evidence in order to fully evaluate this claim.  As such, the Court will defer a ruling on this issue until after the second bench trial. However, as previously noted and in accordance with the Court's earlier ruling, due to ripeness concerns, Plaintiffs will not be permitted to present evidence on the 2014 request for nursing services.  (ECF No. 184).

### F.  42 U.S.C. § 1396n(c)(2) – Feasible Alternatives

Under the Feasible Alternatives provision of the Medicaid Act, States are required to inform the legal representative of participants of the feasible alternatives under the waiver and give the choice of either institutional or home and community-based services when the participant is determined to be likely to require the level of care provided in a hospital.  Plaintiffs argue they were not properly advised of these alternatives.  SCDHHS counters that it was not required to provide such information because Levin was not at risk of re-institutionalization.

The Court finds that additional testimony and evidence is needed in order to determine the merits of this claim.  Therefore, the Court will defer ruling on this issue until after the second bench trial.  However, to the extent Plaintiffs intend to present evidence as to any failure to "inform Plaintiffs and other waiver participants that the caps may not be enforced because they were

established without promulgating regulations," such evidence will not be allowed, given the Court's prior ruling that the waiver caps were legally and properly implemented. (ECF No. 131).

### G. 42 C.F.R. § 441.302 – Protection of Waiver Participants

Plaintiffs' final claim alleges that SCDHHS has acted with conscious indifference to Levin's needs in violation of its obligations to ensure the protection of waiver participants and to financially account for the Medicaid program. As this provision is broad and appears to encompass many of the other alleged violation, the Court will require additional evidence and testimony on this issue in order to render a ruling. As such, the Court will defer ruling on this issue until after the second bench trial.

### IV. CONCLUSION

Based on the record before the Court, SCDHHS is granted summary judgment on Plaintiffs' claims alleging violations of 42 U.S.C. § 1396a(a)(3) (Fair Hearing Provision), 42 U.S.C. § 1396a(a)(8) (Reasonable Promptness Provision), and 42 U.S.C. § 1396a(a)(10) (Amount, Duration, and Scope). The remaining § 1983 allegations will be tried via a bench trial beginning Monday, April 27, 2015, at 9:30 a.m.

IT IS SO ORDERED.

April 20, 2015                                  Joseph F. Anderson, Jr.
Columbia, South Carolina                        United States District Judge