IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Richard Stogsdill, Nancy Stogsdill, Mother of Richard Stogsdill, Robert Levin, and Mary Self, Mother of Robert Levin,<br><br>Plaintiffs,<br><br>vs.<br><br>Anthony Keck and the South Carolina Department of Health and Human Services,<br><br>Defendants. | C/A No. 3:12-cv-0007-JFA<br><br><br><br><br><br>ORDER |

I.  INTRODUCTION

This matter is before the Court on Plaintiffs' motion to reconsider. (ECF No. 192). Plaintiffs assert the Court erred: (1) in determining that their claims under the ADA and Rehabilitation Act are barred by the statute of limitations, and (2) in determining the 2014 request for nursing services is not ripe and striking evidence related to that issue on the same ripeness grounds. In Reply, Plaintiffs also contend they have properly alleged continuing violations of the ADA.[1]

Plaintiffs have moved for relief in their motion under Rule 59(e), requesting the Court to reconsider the findings made in the Order on Phase I of the trial in this case; however, Phase I was

---

[1] In their Reply, Plaintiffs raise additional arguments not originally asserted in their motion. While a large majority of Plaintiffs' Reply focuses on the statute of limitations issue, Plaintiffs also maintain that they were not afforded proper notice and a fair hearing on SCDHHS' 2010 decision to reduce services under the HASCI waiver program. (ECF No. 221). However, the Court has already ruled that there has been no fair hearing violation (ECF Nos. 131 and 193), and Plaintiffs have not requested reconsideration of those Orders. As such, the Court elects not to address these portions of Plaintiffs' motion.

1

tried on the facts without a jury. As such, Plaintiffs' motion is more properly considered a motion for amended or additional findings pursuant to Rule 52(b).

## II. LEGAL STANDARD

Although Rule 52(b) does not provide a specific standard for review of such motions, the Fourth Circuit has recognized three grounds on which a court may alter or amend an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct clear error of law or prevent manifest injustice. *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.,* 148 F.3d 396, 403 (4th Cir.1998); *EEOC v. Lockheed Martin Corp., Aero & Naval Sys.,* 116 F.3d 110, 112 (4th Cir.1997); *Hutchinson v. Staton,* 994 F.2d 1076, 1081 (4th Cir.1993).

A motion pursuant to Rule 52(b), just like a Rule 59(e) motion, may properly seek to correct manifest errors of law or fact or to present newly discovered evidence. *See Wallace v. Brown,* 485 F.Supp. 77, 79 (S.D.N.Y.1979). It is not the intention or purpose of Rules 52(b) and 59(e) to permit parties to "relitigate old matters," *Evans, Inc. V. Tiffany & Co.,* 416 F.Supp. 224, 244 (N.D.Ill.1976), or "give an unhappy litigant one additional chance to sway the judge. *Frito–Lay of Puerto Rico v. Canas,* 92 F.R.D. 384, 390 (D.P.R.1981)(quoting *Durkin v. Taylor,* 444 F.Supp. 879, 889 (E.D.Va.1977). Furthermore, "[t]he Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment." *Pac. Ins. Co.,* 148 F.3d at 403 (internal quotation omitted); *see also Gutierrez v. Ashcroft,* 289 F.Supp.2d 555, 561 (D.N.J.2003) (noting the same with respect to Rule 52(b)).

**III.  DISCUSSION**

As an initial matter, the Court notes that a large majority of Plaintiffs' motion and their reply memorandum rehash arguments already presented to the Court during the bench trial. As such, these arguments are not proper for the Court's consideration and undermine the very purpose of a Rule 52(b) motion. Moreover, Plaintiffs have presented several exhibits with their submissions to the Court. To the extent these exhibits were not already admitted as evidence during the bench trial, Plaintiffs' memorandums lack explanatory details regarding whether this is newly discovered evidence which was not available at trial, and, if so, how such evidence supports their request for amendment of the Court's order. Without more, the Court is unable to assess neither the relevance of such information nor the propriety of its submission. Therefore, this evidence is not proper for consideration by the Court.

*A. Statute of Limitations*

Plaintiffs first argue that this Court erred in determining that their claims under the ADA and Rehabilitation Act are barred by the statute of limitations. Plaintiffs assert that pursuant to S.C. Ann. § 15-3-40,[2] the applicable statute of limitations is extended for five years, thus making their claims properly filed. SCDHHS counters that Rule 17(c) of the Federal Rules of Civil Procedure, allows for the commencement of civil actions by the representative of a minor or incompetent person, and testimony elicited in this case has already demonstrated that Self is Levin's legal guardian, which gives her the authority to bring such an action on his behalf without the need for tolling of the statute.

---

[2] The statute reads in pertinent part, "If a person entitled to bring an action . . . is at the time the cause of action accrued either: (1) within the age of eighteen years; or (2) insane; the time of the disability is not part of the time limited for the commencement of the action, except that the period within which the action must be brought cannot be extended: (a) more than five years by any such disability, except infancy; nor (b) in any case longer than one year after the disability ceases." S.C. Code Ann. § 15-3-40.

The Court finds that reconsideration of this issue is unnecessary, as the order on the first bench trial made a ruling on the merits of Plaintiffs' claims, despite the perceived statute of limitations issue. Accordingly, even if the Court were to now conclude that Plaintiffs' claims had, in fact, been timely filed, such a determination would result in no substantive change in the final outcome of Phase I. As already noted in this Court's previous order, Plaintiffs' failed to establish that the 2010 waiver caps, which resulted in a reduction in services, placed Levin at a significant risk of institutionalization. Therefore, regardless of the statute of limitations, Plaintiffs failed to meet their burden.[3]

### B. Ripeness of 2014 Request for Nursing Services

Plaintiffs' second argument in their motion focuses on both the Court's ruling that the 2014 request for nursing services is not ripe for adjudication and the Court's decision to strike any evidence related to this issue. Plaintiffs argue these decisions were made in error. The Court disagrees and has found no basis upon which its earlier ruling should be disturbed.[4] It is clear from the controlling case law, this Court's intervention into the issue of the 2014 request for nursing services is not appropriate until the agency itself has had an opportunity to render a final decision.[5]

---

[3] The Court also notes that even if the statute of limitations for Levin's claims could be tolled, which the Court does not decide here, such tolling would only apply to claims brought by Levin, as he is the only Plaintiff who suffers from a disability. Claims brought by Self would not be subject to the tolling provisions in the statute.

[4] During the second bench trial, Plaintiffs' counsel sought to introduce additional testimony and evidence related to the 2014 request for nursing services. Specifically, Plaintiffs' counsel admitted into evidence all medical releases executed by Plaintiff Self since Levin's enrollment in the HASCI waiver program. Notably, these medical releases did not include the most recent release SCDHHS asked Self to sign in order to obtain records from Levin's healthcare providers. However, even if this release had been provided to the Court, the outcome of the Court's ripeness ruling would not be subject to modification because SCDHHS has not rendered a final agency decision.

[5] Plaintiffs also assert the Court committed legal error in "dismiss[ing] Plaintiff's [sic] ADA and Rehabilitation Act claims due to ripeness." (ECF No. 192). The Court rejects this argument. Plaintiffs' have misconstrued the ruling of this Court. Plaintiffs' ADA and Rehabilitation Act claims were not dismissed on ripeness grounds; the Court made a ruling on the merits as to both of these claims.

### C. Continuing Violation of ADA

In their Reply, Plaintiffs raise an additional ground for granting their motion; specifically, they contend the Second Amended Complaint properly alleges a continuing violation of the ADA. Plaintiffs argue this theory works to cure any statute of limitations deficiencies.  The Court disagrees.  Plaintiffs' argument fails to acknowledge that this Court has already ruled on the merits of Plaintiffs' claims and has found them to be untenable.  Moreover, the Court has already determined that Plaintiffs' alleged claims do not constitute a continuing violation of the ADA, but are merely continuing effects.  In their current motion, Plaintiffs have neglected to present the Court with any evidence to the contrary.  The allegations of the complaint cited to by Plaintiffs simply allege the effects of the 2010 waiver caps, not alleged continued violations of the statute.  As such, the Court rejects Plaintiffs' position that they have shown a continuing violation.

### IV. CONCLUSION

Having reviewed the pleadings related to this motion, the Court finds oral argument would not aid in its decision-making process.  After careful review of the parties' briefs, the applicable law, and the Order issued on Phase I of the bench trial, the Court is constrained to deny Plaintiffs' motion.

For the foregoing reasons, the motion for amended or additional findings is **DENIED**.

IT IS SO ORDERED.

May 26, 2015  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge